IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHELLE HAMILTON DAVY, )<br>)<br>    Debtor/Appellant, )<br>)<br>    v. )<br>)<br>THOMAS P. GORMAN, )<br>)<br>    Acting Trustee/Appellee. ) | Civil Action No. 1:22-cv-1155 (RDA/WEF)<br>Bankruptcy Case No. 22-10611-BFK |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Appellant Michelle Davy's ("Appellant") *pro se* appeal of the United States Bankruptcy Court for the Eastern District of Virginia's ("Bankruptcy Court") Order dismissing her Chapter 13 bankruptcy action. The Court dispenses with oral argument because it would not aid in the decisional process. Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J). The Court has reviewed the record (Dkt. 2-1), Appellant's opening brief (Dkt. 5), Appellee Thomas P. Gorman, the Trustee's ("Appellee" or "Trustee") brief (Dkt. 6), and Appellant's reply brief (Dkt. 8). Having considered the issues presented in this appeal, the Court AFFIRMS the judgment of the Bankruptcy Court for the reasons that follow.

I. BACKGROUND

On May 13, 2022, Appellant, proceeding *pro se*, filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Dkt. 2-1 at 1. Following the filing of her Chapter 13 voluntary petition, Appellant filed her schedules disclosing a value of personal assets and belongings at $1,165.00 and liabilities at a sum of $401,359.00. Dkt. 6 at 2. On May 27, 2022, Appellant submitted a plan to pay off her debts in a series of equal monthly installments over the course of three years, as permitted under Chapter 13 of the Bankruptcy Code. *Id.* In Appellant's initial plan, she stated that she would pay $225.00 per month for 36 months for a total funding of $8,100. *Id.* Appellant noted in her plan

that the priority claim, which was a child support judgment, was "disputed." *Id.* The plan also noted that unsecured creditors would be paid 100% and indicated Appellant's income was "TBD." *Id.* On June 10, 2022, Appellant filed a motion to reschedule the meeting of the creditors, Dkt. 2-1 at 3, and on June 22, 2022 the Trustee filed an objection to confirmation of the plan, citing feasibility and other obstacles, such as the fact that the meeting of the creditors had not been held and the first plan payment had not been made. *Id.* at 11.

The Bankruptcy Court granted Appellant's motion to continue the meeting of the creditors from June 7, 2022 to August 9, 2022 and granted Appellant's motion to continue the hearing on confirmation of Appellant's plan. *Id.* at 2, 4. Appellant filed an Amended Plan on July 15, 2022, which superseded her initial plan. *Id.* at 28-43. In Appellant's Amended Plan, she stated that she would pay $1,750.00 per month for 36 months, totaling $63,000, and again indicating that the "primary claim is disputed in full." *Id.* at 29. However, Appellant also noted in the Amended Plan that "Debtor has herein proposed a settlement." *Id.* 2-1 at 29. The proposed settlement was a $50,000 payment into the children's 529 education accounts. *Id.* at 30. The Appellant also noted that unsecured creditors would be paid approximately 10%, *id.* at 32 ¶ 5, and that her monthly net income was "TBD." *Id.* at 40. Appellee filed a Motion to Dismiss on July 27, 2022 and an Objection to Confirmation of the Amended Chapter 13 Plan on July 28, 2022. *Id.* at 5. In Appellee's motion to dismiss, he cited a lack of plan payments, pay advices, or a confirmable plan, as well as the history of Appellant's disputes with Raphael Davy Jr. and the U.S. Department of Education in her prior case as a basis for dismissal. *Id.* at 44-45. Appellee also alleged unreasonable delay in performance and prosecution of the case under 11 U.S.C §109(e), 11 U.S.C. §1307(c)(4) and 11 U.S.C. §1326(a)(1). *Id.* at 45.

The U.S. Department of Education and the Prince George's County Office of Child Support filed proofs of claims. The U.S. Department of Education filed Proof of Claim No. 1, asserting a

claim of $186,890.42, indicating the claim arose from a consolidated loan from 2003. Dkt. 6 at 3. The Prince George's County Office of Child Support filed Proof of Claim No. 2 on behalf of R.A. Davy Jr. ("Davy Jr.") in the amount of $240,372.00. *Id.* at 4. Under 11 U.S.C. §507(a), Davy Jr.'s proof of claim asserted priority status, which required the claim be paid in full. *Id.*

On August 18, 2022, the Bankruptcy Court denied confirmation of the Amended Plan and continued the hearing on the Trustee's motion to dismiss. Dkt. 2-1 at 7. Appellant filed a motion to continue the applicable twenty-one-day period to extend the time to file an Amended Plan to September 22, 2022. *Id.* at 8. Appellant then filed adversary complaints against Davy Jr. (Adv. Proc. No. 22-01047-BFK) and the United States Department of Education (Adv. Proc. No. 22-01048-BFK). *Id.* Appellant also filed objections to the two proofs of claims. *Id.* at 102-113, 132-138. Appellant stated that the Prince George's County Office of Child Support failed to specify discrete sums for which their overall claim amounts to and also argued that "grave violations of Maryland law" were committed at each of the hearings calculating child support, rendering the judgment unenforceable against her. *Id.* at 104-105. As part of her objection to Davy Jr.'s, claim, Appellant attached documentation of the state court proceeding from which the 2006-2012 child support judgments arose. *Id.* at 113-129.

On September 26, 2022, at the hearing on the Trustee's motion to dismiss, Appellant confirmed that she had not yet made a plan payment but indicated that she was not unwilling to do so. Dkt. 3 at 24. Appellant also confirmed that she had not filed her pay stubs as required because she did not want her paycheck garnished, but that instead she would show them to the Trustee. *Id.* at 26. Appellant continued to dispute Davy Jr.'s child support claim, arguing the order from the state was not valid. *Id.* at 27-28. However, Appellant made clear that she wished to negotiate a settlement with her creditors. *Id.* at 5-6. Appellee maintained that the Bankruptcy Court could not look behind the state court child support judgment to declare it invalid and that Appellant's refusal to make a first

plan payment and file her pay stubs with the Trustee was grounds for dismissal. After oral argument concluded, the Bankruptcy Court dismissed the case without prejudice. The Bankruptcy Court found (1) that the Debtor had not made a first plan payment; (2) that the Debtor had not filed her pay stubs with the Trustee; and (3) that the Bankruptcy Court both does not act as an appellate court for the state court's judgment and is not "in a position to tell the government" to compromise its debt amount, and that those grounds were all sufficient independent grounds upon which to dismiss the case. *Id.* at 32-38. The Bankruptcy Court entered its Order of Dismissal on October 2, 2022. Dkt. 2-1 at 173. Appellant filed her notice of appeal on October 13, 2022. Dkt. 1. Appellant filed her opening brief, Dkt. 5, on December 28, 2022 and Appellee filed his brief, Dkt. 6, on January 27, 2023. Appellant filed her Reply on February 10, 2023. Dkt. 8.

## II. STANDARD OF REVIEW

"When reviewing a decision of the Bankruptcy Court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted). Thus, the district court reviews questions of fact under the "clearly erroneous" standard. *Id.* "The clear error standard requires 'a reviewing court [to] ask whether on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted)). Legal conclusions are reviewed *de novo*. *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). In cases where the issues present mixed questions of law and fact, the Court employs "a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996)

(internal citation omitted). Decisions committed to the Bankruptcy Court's discretion are reviewed for abuse of discretion. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

### III. ANALYSIS

The issue on appeal is whether the Bankruptcy Court wrongly dismissed Appellant's case because her plan was not infeasible. "A bankruptcy court 'retains broad discretion' to dismiss a bankruptcy case under 11 U.S.C. § 1307(c)." *Bristol v. Branigan*, No. CV PJM 18-02957, 2019 WL 4600304, at *3 (D. Md. Sept. 20, 2019) (citing *In re Jackson v. United States*, 131 F.3d 134 (Table), 1997 WL 746763 at *4 (4th Cir. December 4, 1997) (per curiam) (citation omitted)). Thus, a district court typically reviews a bankruptcy court's decision to dismiss under 11 U.S.C. § 1307(c) for abuse of discretion. *Dailey v. Thomas*, No. CV ELH-16-3065, 2017 WL 1093277, at *6 (D. Md. Mar. 23, 2017).

Under 11 U.S.C. § 1307(c), a bankruptcy court can "on request of a party in interest or the United States Trustee,"

> after notice and a hearing . . . convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . unreasonable delay by the debtor that is prejudicial to creditors[,] . . . failure to commence making timely payments under section 1326 of this title[,] . . . [or] denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan[.]

11 U.S.C. § 1307(c).

The Bankruptcy Court dismissed this case on three independent grounds. Although Appellant presents argument pertaining only to the child support determination, the Court will nonetheless take each determination in turn.

### A. Failure to Make Plan Payments

Appellant proposed two plans to pay off her debt. Appellant's first proposed payment was $225.00 per month for 36 months. Dkt. 6 at 2. Appellant's proposed payment in her Amended Plan

5

was $1,750.00 per month for 36 months. Dkt. 2-1 at 29. Appellant filed her first plan on May 27, 2022 and her Amended Plan on July 15, 2022. *Id.* As of the date of the dismissal, Appellant still had not made any payments. Section 1326 of the Bankruptcy Code states that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount—(A) proposed by the plan to the trustee." 11 U.S.C. § 1326. As required by 11 U.S.C. § 1307(c), the Bankruptcy Court held a hearing and provided Appellant with notice regarding the Motion to Dismiss. *See No v. Gorman*, 891 F.3d 138, 140 (4th Cir. 2018) (holding the Bankruptcy Code requires a hearing before dismissal under 11 USC § 1307). Thus, the Bankruptcy Court did not err in dismissing Appellant's bankruptcy case for failure to make payments under 11 U.S.C. § 1307(c)(4).

Appellant does not dispute that she did not make any plan payments as required under 11 U.S.C. §1326 (a)(1). Even though her plan had not been confirmed, the Code clearly states that a debtor must begin plan payments 30 days after filing the plan. 11 U.S.C. § 1326 (a)(1). While plaintiff is *pro se*, "*pro se* status does not excuse [the debtor] from satisfying the duties and responsibilities imposed by the Bankruptcy Code on a Chapter 13 debtor." *In re Simmons*, 256 B.R. 578, 579 (D. Md.), *aff'd*, 8 F. App'x 228 (4th Cir. 2001). Accordingly, the Bankruptcy Court appropriately dismissed the case on this ground under 11 U.S.C. § 1307(c).

### B. Failure to Provide Paystubs

At the time of the motion to dismiss hearing, Appellant had not provided the Trustee with any wage statements or paystubs.

> Bankruptcy Rule 4002(b)(2) requires a debtor to provide the Chapter 13 Trustee at the meeting of the creditors with: a) evidence of current income such as the most recent pay advice, (b) copies of statements for each of the debtor's depository and investment accounts for the time period that includes the date of the filing of the petition, and (c) the debtor's tax return for the most recent tax year ending immediately before the commencement of the case (which is to be provided seven days before the meeting of creditors). Section 521(a)(1)(B)(iv) requires that the debtor file copies of pay advices or other evidence of payment received within 60 days before the date of filing.

*In re Burnett*, No. 21-02018-DD, 2022 WL 802586, at *6 (Bankr. D.S.C. Mar. 16, 2022).

At the motion to dismiss hearing, Appellant stated that she brought her pay stubs with her so that the Trustee may review them; but that she would not file the pay stubs with the Trustee because she did not want her paycheck garnished. Dkt. 3 at 26. However, Rule 4002 makes clear that a debtor must provide the Trustee with pay stubs. Fed. R. Bankr. P. 4002. As indicated by the Bankruptcy Court, without the pay stubs, a Chapter 13 Trustee is unable to determine whether a debtor's plan is feasible based on their income, which is part of the Trustee's duties. Dkt. 3 at 34. Failure to provide the Trustee with pay stubs is grounds for dismissal under 11 U.S.C. §1307(c)(4). Thus, the Bankruptcy Court did not err in dismissing Appellant's bankruptcy case on this ground. 11 USC § 1307(c).

### C. Child Support Order

Appellant asserts several arguments as to why the Bankruptcy Court erred in dismissing her case as it relates to the claim of child support. First, she argues that the Bankruptcy Court incorrectly applied the *Rooker-Feldman* doctrine when considering the state court child support judgments entered in favor of claimant Davy Jr. Dkt. 5 at 3-5. Appellant disputes the state court judgment and insists that the state court did not use the proper procedures and that the state court created an arbitrary order. Dkt. 3 at 10-11. Appellant further argues that the Bankruptcy Court should review the child support order and look to the "state law governing the debt and determine whether or not the debt was properly arrived at." *Id.* at 28. In Appellant's view, if the Bankruptcy Court would have reviewed the state court orders, her Amended Plan would not have been infeasible. Dkt. 5 at 9. Finally, Appellant argues that she was not given enough time to reach a settlement with her creditors. *Id.* at 10-11. Appellee argues in response that since Appellant admitted that claimant Davy Jr. had a child support claim against her, "the Bankruptcy Court correctly applied the concept of comity" in ruling the Bankruptcy Court could not act as an appeals court for state court judgments. Dkt. 6 at 5.

7

Additionally, Appellee argues that the Bankruptcy Court does not have the authority to compel creditors to compromise with a debtor so Appellant's arguments regarding the timeframe for which she had to settle the debt are a nonissue. *Id.* at 8.

The Bankruptcy Court did not err in dismissing Appellant's case on the child support ground. The Bankruptcy Court does not sit as an appellate court for state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, (2005) ("The *Rooker-Feldman* doctrine prevents a district court from entertaining suits by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Davy Jr. has a child support judgment against Appellant from proceedings in Prince George's County Court in the state of Maryland. While Appellant argues *Rooker-Feldman* should not apply because she is not in Bankruptcy Court litigating the same issues that she litigated in state court, the crux of Appellant's argument is that she is entitled to relief from the Bankruptcy Court because the state court erred in reaching its child support determination. Dkt. Nos. 5 at 9-10; 3 at 10-12. Thus, in effect, Appellant is asking the Bankruptcy Court to review and reverse the decision of the Maryland state court. However, under *Rooker-Feldman*, "[l]ower federal courts cannot sit in direct review of final state court decisions." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 229 (4th Cir. 1997). Accordingly, the Bankruptcy Court did not err in refusing to review the order entered by the state court.

Moreover, state court judgments are also entitled to full faith and credit. 28 U.S.C. § 1738. While the *Rooker-Feldman* doctrine and full faith and credit are related doctrines, they are distinct sets of principles. *In re Keeler*, 273 B.R. 416, 421 (D. Md. 2002) (citing *GASH Associates v. Village of Rosemont, Illinois*, 995 F.2d 726, 728 (7th Cir.1993)). Under the full faith and credit statute, the Bankruptcy Court must give "the same effect to the judgment as the rendering court would have given it." *In re Heckert*, 272 F.3d 253, 259 (4th Cir. 2001). A state court judgement that is reversed

or modified is not given full faith and credit. *Id.* (holding when a prior state court judgment is the debt at issue, the bankruptcy court cannot "issue its own judgment on the debt to replace the state court judgment previously obtained"). Appellant also argues that the Bankruptcy Court erred because it did not adequately explain the elements of *res judicata* and collateral estoppel and that the elements of both were not met. Dkt. 5 at 6-8. However, as this Court found that the Bankruptcy Court correctly applied the *Rooker-Feldman* doctrine, this Court need not reach this argument, as any of these legal doctrines is sufficient to require the Bankruptcy Court to defer to the state court judgment for child support. Thus, the Bankruptcy Court did not err in refusing to "look behind the [state court] judgment" and declare the judgment improper. Dkt. 3 at 36.

Finally, although Appellant has expressed a clear desire to settle or compromise with both claimants in this case, this does not control the disposition of this issue. As noted by the Bankruptcy Court, the Bankruptcy Court cannot compel a child support claimant, or other creditors for that matter, to compromise. Under 11 U.S.C. §1322(a)(2), a child support claimant is entitled to payment in full and Appellant cites no authority giving the Bankruptcy Court the power to compel said claimant to accept less than full payment. Further, Appellant argued for more time before the Bankruptcy Court so that she would be able to reach a settlement with her creditors. Dkt. 3 at 36. The Bankruptcy Court was most patient and granted Appellant multiple continuances equating to nearly five months so that Appellant could try to reach a resolution with her creditors. Dkt. 2-1 at 3-4,7-8. Even still, no resolution was reached, and as noted *supra*, the creditors are not required to compromise. Thus, the Bankruptcy Court did not err in finding the case infeasible in light of the child support order.

## IV. CONCLUSION

For the foregoing reasons, the Court upholds the Bankruptcy Court's dismissal order, and it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED; and it is

FURTHER ORDERED that Appellant's Motion to Withdraw or Vacate Magistrate Referral and Request for Hearing (Dkt. 9) is DENIED as MOOT.

Should Appellant wish to appeal this Order, she must do so by filing a notice of appeal with the Clerk of this court within thirty (30) days after entry of this Order, pursuant to Rules 4, 5 and 6 Fed. R. App. P. Failure to file a timely notice of appeal waives the right to appeal.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record for all parties and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 10, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge